IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARD PUGGI,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ALLSTATE PROPERTY AND** | : | NO.  11-2996 |
| **CASUALTY INSURANCE COMPANY,** | : | |
| Defendant. | : | |

MEMORANDUM

GENE E.K. PRATTER, J.                                                                                       JULY 21, 2011

**Introduction**

Allstate Property and Casualty Insurance Company ("Allstate") issued an automobile insurance contract to Plaintiff Leonard Puggi.  Mr. Puggi claims that following a car accident, Allstate failed to make and/or unreasonably delayed making the payments owed to him under the insurance contract.  Mr. Puggi alleges three counts in his Complaint:  Breach of Contract (Count I), Bad Faith (Count II), and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III).  Allstate moves to dismiss Counts I and III, and for the reasons that follow, the Motion is denied in part with respect to Count I and granted in part without prejudice with respect to Count III.

**Statement of Facts**

Mr. Puggi commenced this suit against Allstate seeking recovery of unpaid policy limits regarding a December 13, 2005 car accident that left him physically injured.[1]  The insurance contract carried a $100,000 policy limit for Underinsured Motorist ("UIM") coverage and a

---

[1] This case was originally filed in the Philadelphia County Court of Common Pleas.  Allstate then removed the litigation to this Court (Doc. No. 1).

$100,000 Policy Limit for Medical Expenses as of August 9, 2005. Compl., Ex. A (Auto. Policy Declarations). Following his car accident, Mr. Puggi's attorney sent Allstate a letter, dated May 20, 2009, giving notice that the other motorist in the accident had only $50,000 of bodily injury liability coverage, and reporting that the motorist's insurer, State Farm Insurance Company, had offered $45,000 to Mr. Puggi for his alleged damages. *Id.* ¶ 14, Ex. B. Mr. Puggi's attorney further demanded payment of the remaining amount available under the Allstate UIM policy limits. Compl. ¶ 16, Ex. B. Mr. Puggi alleges that despite his cooperation with all of Allstate's requests made in response to his UIM benefits claim, including the furnishing of all medical records and necessary permissions to view his file, Allstate failed to honor the claim, including for separate medical expenses that are owed to him. *Id.* ¶¶ 7, 33, 38, 40.

Count I of Mr. Puggi's Complaint is a breach of contract claim for Allstate's failure to indemnify his losses under the insurance contract, and/or for an unreasonable delay in making these payments. *Id.* ¶ 47. Count II alleges that Allstate's failure to pay and/or unreasonable delay in making payments constitutes bad faith under Pennsylvania law. *Id.* ¶ 49. In Count III, Mr. Puggi alleges that Allstate's conduct and actions constitute unfair and deceptive practices under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *Id.* ¶ 51. Because Allstate does not challenge Count II, only the efficacy of Counts I and III are at issue here.

**Standard of Review**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). While a complaint need not contain detailed factual allegations, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted).

In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322-23

3

(2007); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, the Court is otherwise constrained to the facts alleged in the complaint.

**Discussion**

    A. Count I: Breach of Contract

Allstate has raised insufficient grounds for this Court to dismiss Count I. Allstate argues that the breach of contract claim should be dismissed because it has already paid Mr. Puggi the full $100,000 UIM policy limits owed to him, thus fully discharging Allstate's obligations under the contract. Def.'s Mot. at 10. Mr. Puggi, in his response, does not contest this assertion.[2] Nonetheless, Allstate's argument does not provide a sufficient basis for granting a motion to dismiss. Allstate's assertion that it paid Mr. Puggi's claim is an affirmative defense, which does not provide a basis for a Rule 12(b)(6) motion. *See In Re Adams Golf*, 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)."); *Johnson v. Resources for Human Dev., Inc.*, 860 F. Supp. 218, 221 (E.D. Pa. 1994) ("[A]n affirmative defense will not generally support a Rule 12(b)(6) motion to dismiss."). Thus, the Court concludes it must deny Allstate's Motion to Dismiss Count I.

    B. Count III: UTPCPL Claim

Allstate argues that Mr. Puggi has failed to allege facts sufficient to support his Section 9.2 UTPCPL claim posed in Count III, because Allstate claims that Mr. Puggi has failed to plead the element of reliance. Def.'s Mot. at 6. Both parties agree that detrimental reliance on the

---

[2] Given the party's arguments on this score, the Court observes that the underlying facts to the breach of contract claim may have changed since the filing of the Complaint. If Mr. Puggi seeks to pursue this claim in some other fashion, a motion to amend Count I of the Complaint could be appropriate.

other party's misrepresentation is a required element of a Section 9.2 UTPCPL claim.[3] Pl.'s Resp. at 3; Def.'s Mot. at 6.

Mr. Puggi contends that the reliance element is satisfied, though not on the basis of facts currently alleged in the Complaint. Specifically, in his response brief, Mr. Puggi states that he "relied on the representations by [Allstate] that his accident related medical bills would be paid." Pl.'s Resp. at 3. Mr. Puggi contends that in reliance on these representations he sought medical treatment, the costs of which he now must pay himself, resulting in unpaid medical bills in the amount of $10,665.11. *Id.* at 3. That being said, the Complaint is devoid of specific factual allegations supporting this argument. Instead, it merely alleges that Allstate's refusal to compensate Mr. Puggi for an unspecified amount of UIM benefits and medical expenses under the insurance contract constitutes unfair and deceptive actions.[4] Compl. ¶¶ 51-53. Because Mr. Puggi appears to have proffered a theory that is not alleged in the Complaint, the Court concludes that the Motion should be granted in part with respect to Count III.

The Court also concludes that it is appropriate to grant Mr. Puggi leave to amend his

---

[3] A Section 9.2 UTPCPL claim requires: (1) a misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result. *Ross v. Foremost Ins. Co.,* 998 A.2d 648 (Pa. Super. Ct. 2010); *Sewak v. Lockhart,* 699 A.2d 755 (Pa. Super. Ct. 1997).

[4] Allstate additionally makes two arguments as to why Mr. Puggi's UTPCPL claim should be barred *in toto*. Allstate cites the economic loss doctrine and the gist of the action doctrine as bars to the claim, both of which prohibit plaintiffs from recovering damages in tort when there is an available contractual remedy. Def.'s Mot. at 4-5. At present, the Court will not consider these arguments because it is unclear at this time if Plaintiff can aver a sufficient UTPCPL claim and its contours. Furthermore, the Court follows this approach because there is a suggestion from some courts that the nature of the intentional misconduct at issue in the UTPCPL may be determinative of whether the economic loss doctrine applies. *See, e.g., Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 684 (E.D. Pa. Feb. 15, 2011) (concluding that the nature of the misrepresentation alleged is determinative of whether the economic loss doctrine applies).
Moreover, given the arguments made by Mr. Puggi in his response brief, it is unclear, contrary to Allstate's argument, that the conduct alleged by Mr. Puggi is "plainly linked to duties arising only under contract." Def.'s Reply Mem. at 2. Hence, the Court reserves judgment on this issue at this time.

Complaint as to Count III, should he be able to do so in good faith.  Leave to amend is to be freely given and the decision to grant leave to amend rests within the discretion of the court. *Waterfront Renaissance Assoc. v. City of Philadelphia*, 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010).  Courts may deny a party leave to amend when there is undue delay, bad faith, undue prejudice to the opposing party and futility of amendment.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962).  Based on the parties' filings to date, there is nothing here to suggest that granting Mr. Puggi leave to amend would lead to any such outcome.  Accordingly, Count III is dismissed without prejudice for Mr. Puggi to amend this Count.[5]

**Conclusion**

For the foregoing reasons, Allstate's motion to dismiss is denied in part with respect to Count I and granted in part without prejudice with respect to Count III.  An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[5] Mr. Puggi appears to reference the "catch-all" provision of the UTPCPL (Section 201-2(4)(xxi)) in his Complaint, in stating that "[d]efendant's conduct and actions, as aforesaid, constitute unfair and deceptive practices that create a likelihood of confusion or misunderstanding on the part of the Plaintiff and other insureds."  Compl. ¶ 51.  Although Mr. Puggi does not appear to make a claim under the "catch-all" provision, the language in the Complaint mirrors the language of Section 201-2(4)(xxi) of the UTPCPL.

In its Motion, Allstate explicitly references the UTPCPL's "catch-all" provision, arguing that the "catch-all" provision requires "reliance" for a Plaintiff to state a claim under this section of the UTPCPL.  Def.'s Mot. at 7.  Given that Mr. Puggi's arguments in the Complaint did not make any reference to the "catch-all" provision, and in light of the Court's decision, the Court need not address this issue at this time.